IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00465-KLM

GABRIEL RODRIGUEZ-AGUIRRE,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____

# ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

      This matter is before the Court on Defendant's **Motion to Dismiss** [#20][1] ("Motion"). Plaintiff, who proceeds in this matter pro se,[2] filed a Response [#31], and Defendant filed a Reply [#36]. In addition, Plaintiff has filed a **Motion for Reconsideration of Order Denying Motion for Appointment of Counsel** [#35] ("Motion for Reconsideration"). Defendant has not filed a Response, and the time for doing so has expired. This matter is now ripe for review. For the reasons set forth below, the Motion [#20] is **DENIED** and the Motion for Reconsideration [#35] is **DENIED**. Further, the Court will sua sponte

---

[1] "[#20]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Court, however, should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

**DISMISS** several of Plaintiff's claims pursuant to his request in the Response and Rule 41(a)(2), and will **DISMISS** Plaintiff's claim under the Eighth Amendment pursuant to 28 U.S.C. § 1915A(b)(1).

## I. Background

1.   *Factual Background*

Plaintiff Gabriel Rodriguez-Aguirre is an inmate at the Federal Prison Camp in Englewood, Colorado ("FCP Englewood"). *Compl.* [#1] at 2.  On December 26, 2012, Plaintif alleges that he fell while walking through a wet hallway in the Education Building at FCP Englewood. *Id.* at 3.  Plaintiff underwent surgery in January 2013 to repair injuries to his knee sustained from this fall. *Id.* at 4.  Thereafter, he met with doctors complaining of pain in his left shoulder throughout 2013. *Id.* at 5-6.  The doctors performed numerous x-rays of his shoulder, none of which revealed any injury sustained as a result of Plaintiff's December 2012 accident. *Id.*  During this time, Plaintiff states that he fell again in November 2013 on a sidewalk covered with snow. *Id.* at 11.

On September 10, 2013, Plaintiff requested a Magnetic Resonance Imaging ("MRI") test; however, this request was denied. *Id.* at 5.  He filed two administrative complaints on September 26, 2013 and December 19, 2013, asserting that he had fallen in December 2012 and that no caution signs had been placed warning of the wet hallway. *Id.* at 5; *Compl.* [#1-2] at 33-36.  As relief, he requested an MRI and pain medication. *Id.*  After he received a response denying his requests, he appealed the decision. *Id.* at 6.  When the appeal was denied, he appealed a second time. *Id.*; *Compl.* [#1-2] at 39.  The time for responding to this appeal expired on April 28, 2014, and Plaintiff received no response by

that deadline (or at all); when he inquired about his appeal, he was informed that the absence of a response amounted to a denial. *Id.*; *Compl.* [#1-2] at 41-42.

Plaintiff continued to see physicians throughout 2014, and in January 2015 he was taken to Swedish Medical Center for an MRI. *Id.* at 8. On his way to the Englewood Detention Center for transport to Swedish Medical Center, he claims that the Detention Center lobby was wet and, as a result, he fell and sustained more injuries. *Id.*

    2.    *Procedural Background*

On March 5, 2015, Plaintiff filed this action alleging that Defendant's negligence caused Plaintiff's injuries. *Id.* He identifies three falls which he claims were caused by Defendant's negligence: (1) the December 26, 2012 accident in the FCP Englewood Education Building; (2) the November 2013 accident when he slipped and fell on a snow-covered sidewalk; and (3) the fall that occurred in January 2015 when he was on his way to Swedish Medical Center. *Id.* at 9. He also appears to assert either a medical negligence claim or an Eighth Amendment claim, contending that Defendant neglected to provide proper diagnosis and treatment for his injuries, which he claims should have been discovered earlier. *Id.* at 13. Given this ambiguity, the Court will construe the Complaint as alleging both.

On June 25, 2015, Defendant filed the present Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6). *Motion* [#20]. First, Defendant argues that the Federal Tort Claims Act ("FTCA") precludes subject-matter jurisdiction over Plaintiff's slip-and-fall claims, and thus the Court should dismiss these claims pursuant to Rule 12(b)(1). *Id.* at 2. Defendant also argues that Plaintiff failed to exhaust his administrative remedies for his claims occurring on November 2013 and January 2015. *Id.* In the alternative, Defendant

argues that Plaintiff's slip-and-fall claims should be dismissed pursuant to Rule 12(b)(6) because he has not sufficiently alleged a claim pursuant to the Colorado Premises Liability Act ("PLA").  *Id.*  Lastly, Defendant argues that, "with respect to [Plaintiff's] medical negligence claims, Plaintiff has not filed a valid Certificate of Review, as required by Colorado law," and hence the claim should be dismissed.  *Id.*  Defendant does not address Plaintiff's allegations in the context of the Eighth Amendment.  *See generally id.*

In his Response, Plaintiff states that "[t]he November 2013 and January 2015 falls are not applicable/irrelevant [sic] to this Civil Action, because no additional injuries/damages occurred from these falls," and concedes that he did not file administrative claims as a result.  *Response* [#31] at 3.  He also asserts: "**Take notice,** This is [not] a medical negligence action, therefore a CERTIFICATE OF REVIEW is not required."  *Id.* (emphasis, capitalization, and brackets in original).  Plaintiff does not clarify whether he intended to allege a violation under the Eighth Amendment, and devotes the entirety of his argument to his negligence claim relating to the December 2012 accident.  *See generally id.*

In light of Plaintiff's Response,[3] the Court dismisses Plaintiff's claims for negligence with respect to the November 2013 and January 2015 falls, and, to the extent that it is

---

[3] The Court also notes that on September 10, 2015 and September 24, 2015, Plaintiff filed motions requesting that he be permitted to "clarify allegations of the complaint" and be granted leave to amend the Complaint; these motions were denied without prejudice, as Plaintiff failed to attach a proposed amended complaint.  *See Minute Orders* [#38, #40].  In Plaintiff's motions, he sought to clarify that he was not bringing claims for negligence relating to the November 2013 and January 2015 falls, nor was he attempting to bring medical malpractice claims.  *See Motion to Clarify Allegations* [#37].

alleged, Plaintiff's claim for medical malpractice.  These claims are dismissed[4] pursuant to Rule 41, which provides for dismissal "at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

Therefore, the Court will analyze Defendant's arguments for dismissal with respect to Plaintiff's remaining claims, which are: (A) the claim for negligence arising out of the December 2012 accident; and (B) the claim for violation of Plaintiff's Eighth Amendment rights as a result of Defendant's failure to provide medical care.[5]

## II. Legal Standard

### A.    Rule 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

---

[4] The Court dismisses these claims without prejudice, because although Plaintiff has not filed a notice of dismissal under Rule 41(a)(1)(A)(i), by filing his Motion to Clarify Allegations, it appears that such a motion was Plaintiff's intent.  *See Motion to Clarify Allegations* [#37].  Thus, because such a notice would have required that the Court dismiss the claims without prejudice, as Defendant has not filed an answer or a motion for summary judgment, the Court dismisses the claims without prejudice pursuant to its discretion under Rule 41(a)(2).

[5] As discussed below, Plaintiff makes no comment as to whether he wishes to assert an Eighth Amendment claim.  However, in contrast with the claims dismissed by the Court pursuant to Rule 41, Plaintiff never explicitly states that he has abandoned such a claim.  *See generally Response* [#31].  Thus the Court will address this claim for the sake of thoroughness.

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

Here, Defendant puts forth no evidence in support of its argument for dismissal pursuant to 12(b)(1), instead arguing that regardless of whether Plaintiff has alleged a claim for negligence, the Court lacks subject-matter jurisdiction. *Motion* [#20] at 2. Hence, Defendant's request is properly construed as a facial attack to subject-matter jurisdiction. *See Holt*, 46 F.3d at 100.

## B.     Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ.

P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] that the pleader

is entitled to relief," as required by Rule 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

### A. Plaintiff's Negligence Claim

As noted above, Plaintiff alleges that he fell on his back while walking through a wet hallway in the Education Building at FCP Englewood on December 26, 2012. *Compl.* [#1] at 3. He states that no caution signs were placed warning of the wet hallway, and that there were "no [m]ats at the entrance to wipe your boots." *Id.* at 9. He also alleges that "[t]he Education Administrator was aware that several younger inmates had slipped and fallen earlier[.]" *Id.*

Defendant makes two different arguments for dismissal of Plaintiff's negligence claim: (1) Plaintiff's allegations fall within the discretionary function exception of the FTCA, and hence Defendant retains sovereign immunity and the Court lacks subject-matter jurisdiction; (2) in the alternative, Plaintiff has failed to sufficiently allege that a government employee knew or should have known of the dangerous condition – i.e., the wet hallway – that caused his fall, and thus has not stated a prima facie claim under the PLA. *Motion* [#20] at 2.

### 1. Discretionary function exception under the FTCA

The FTCA waives the federal government's sovereign immunity from tort liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, a plaintiff must show more than negligence, and must show that his "claims are not based upon actions immunized from liability under the FTCA's

discretionary function exception." *Elder v. United States*, 312 F.3d 1172, 1176 (10th Cir. 2002).  A plaintiff must show that this exception does not apply in order to satisfy subject matter jurisdiction and avoid dismissal under Rule 12(b)(1). *Aragon v. United States*, 146 F.3d 819, 823 (10th Cir. 1998).

Courts employ the two-pronged test set forth in *Berkowitz v. United States* to determine whether the discretionary function exception applies. 486 U.S. 531, 536 (1988). The first step requires a court "to determine whether the challenged conduct 'involves an element of judgment or choice,'" or whether "the conduct involves 'a federal statute, regulation, or policy [that] specifically prescribes a course of action for an employee to follow,' in which case the exception does not apply." *Elder*, 312 at 1176 (quoting *Berkowitz*, 486 U.S. at 536).  If the conduct involves a discretionary judgment under the first step of the *Berkowitz* test, then courts "must apply the second step, which requires [courts] to 'determine whether that judgment is the kind that the discretionary function exception was designed to shield.'" *Id.* (quoting *Berkowitz*, 486 U.S. at 536).  The Tenth Circuit has held that a decision or non-decision only falls within the discretionary function exception when it "implicates the exercise of a policy judgment of a social, economic or political nature." *Duke v. Department of Agriculture*, 131 F.3d 1407, 1411 (10th Cir. 1997).

Defendant argues that Plaintiff "does not allege that there is any specific or mandatory self-imposed obligation for [Bureau of Prisons] to display wet floor signs, lay down a floor mat . . . , or take some other action that could have prevented the alleged fall[]." *Motion* [#20] at 6.  Thus, Defendant contends that "[b]ecause Plaintiff has provided no evidence to meet the first element of the *Berkowitz* test, the United States retains its sovereign immunity, and the Court lacks subject-matter jurisdiction." *Id.* at 6-7.  Plaintiff

concedes that the first prong is not met, but responds that even if "Plaintiff failed under *Berkowitz's* first prong, Plaintiff 'may still overcome the discretionary function exception by demonstrating, pursuant to *Berkowitz's* second prong, that the nature of the action taken does not implicate policy concerns, or [is not] susceptible to policy analysis.'" *Response* [#31] at 12 (quoting *Sydnes v. United States*, 523 F.3d 1179, 1185 (10th Cir. 2008)).

Plaintiff is correct, and Defendant concedes as much in its Reply. *Reply* [#36] at 3. However, Defendant argues that the "burden of proof with respect to the second prong, like the first, rests squarely on the plaintiff." *Id.* Defendant contends that although the Bureau of Prisons ("BOP") owes a duty to provide for the safekeeping and care of prisoners, it nonetheless "retains sufficient discretion in the means used to fulfill that duty, triggering the discretionary function exception." *Id.* at 4. Defendant argues that "[i]n a prison environment, decisions that might be mundane or merely administrative in other contexts have policy significance." *Id.* In support of this proposition, Defendant cites to two cases: *Owens v. Sherrod*, No. 1:11-CV-00433, 2012 WL 5208637 (W.D. La. Sept. 10, 2012), *report and recommendation adopted*, No. CIV.A. 11 0433, 2012 WL 5208632 (W.D. La. Oct. 22, 2012), and *Preston v. United States*, No. 1:08-CV-2493, 2010 WL 2975631 (N.D. Ga. July 27, 2010).

However, both of those cases are distinguishable from the present case. In *Owens*, the court found that a warden's decision not to put slip-resistant mats in a shower stall fell within the discretionary function exception. *Owens*, 2012 WL 5208637, at *3. However, the court based its decision on both a determination that the regulations did not require slip-resistant mats in the shower stalls *in addition* to the slip-resistant tiles already in the stalls, as well as the fact that the inmates had previously misused other slip-resistant mats outside

the stalls. *Id.* Thus, the court determined that the decision implicated both economic and social questions. *Id.* Similarly, in *Preston*, the court found that a prison's decision not to install a ladder to access the top bunk of a prison cell was grounded in prison and inmate safety because a free-standing ladder could be used as a weapon, and a ladder welded to the bunk beds could be an impediment to moving an inmate. *Preston*, 2010 WL 2975631, at *3-4. Defendant makes no effort to explain how the failure to place caution signs or otherwise warn of wet ground are analogous to these cases.

In contrast, this case more closely resembles failure to warn cases considered by the Tenth Circuit in other contexts. For example, in *Duke v. Department of Agriculture*, the plaintiff brought suit alleging that the Department of Agriculture failed to post signs warning of falling rocks at a campsite, despite prior knowledge of the danger. 131 F.3d at 1410, 1412. The Tenth Circuit found that such a sign would cost little, and there was no evidence of any social or political justification for not placing the sign. *Id.* at 1412. Similarly, in *Boyd v. United States ex rel. U.S. Army Corps of Eng'rs*, the Tenth Circuit held that the government's "alleged failure to warn swimmers of dangerous conditions in a popular swimming area does not implicate any social, economic, or political policy judgments with which the discretionary function exception properly is concerned." 881 F.2d 895, 898 (10th Cir. 1989). Here, Defendant makes no argument for how the decision to not place a caution sign or take some other precautionary measure falls within the purview of the discretionary function exception for social, economic, or political concerns, and the factual circumstances alleged by Plaintiff do not lend themselves to such an inference.

Thus, because the Court finds that the discretionary function exception to the FTCA does not apply here, the Court **denies** Defendant's request to dismiss pursuant to Rule

12(b)(1).

 2. *Failure to state a claim under the Colorado Premises Liability Act*

Defendant next argues that Plaintiff has failed to state a claim under the PLA, and requests that the Court dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim. *Motion* [#20] at 2. Under the PLA, landowners owe certain duties to those who come on the land depending on their status as a trespasser, licensee, or invitee. Colo. Rev. Stat. § 13-21-115(1.5)(a). Defendant does not dispute that Plaintiff, as an inmate, qualifies as an invitee. *Motion* [#20] at 9 (citing *Carson v. Corr. Corp. of Am.*, No. 10-CV-01329-REB-BNB, 2011 WL 1656509, at *2 (D. Colo. May 3, 2011) (finding that an inmate qualifies as an invitee, and not a licensee, as "[t]he definition of a licensee . . . presupposes an element of volition in the person's presence on the land. Yet it appears safe to assume that plaintiff was not in the jail voluntarily[.]")). A plaintiff, as an invitee, "may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known." Colo. Rev. Stat. § 13-21-115(3)(c)(I).

Here, Defendant argues that Plaintiff's Complaint "does not plausibly allege that a government employee knew or should have known of the dangerous condition of a wet floor." *Motion* [#20] at 10. Although Defendant notes that Plaintiff's Complaint alleges that "[t]he Education Administrator was aware that several younger inmates had slipped and fallen earlier," Defendant nonetheless contends that Plaintiff offers no other basis for this assertion, such as how the floor became wet, the names of the inmates who fell or the name of the Education Administrator, and does not clarify how the Education Administrator became aware of the danger. *Id.* (quoting *Compl.* [#1] at 9).

The Court disagrees with Defendant's argument that Plaintiff has failed to state a claim here.  The Court's function in deciding a Rule 12(b)(6) motion is to determine whether the complaint has pled "sufficient facts" which, "taken as true, . . . provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."  *Shero*, 510 F.3d at 1200 (quoting *Twombly*, 550 U.S. at 570).  Defendant's contention that Plaintiff is required to state his claim in such copious detail goes beyond the standard enunciated by the Supreme Court in *Iqbal* and *Twombly.*  Indeed, while Plaintiff's Complaint admittedly does not contain the exacting detail requested by Defendant, the Complaint nonetheless is sufficient to put Defendant on fair notice of his claims; for example, although Defendant argues that Plaintiff does not identify the Education Administrator by name, surely Defendant has such knowledge in its possession or the means to identify the individual or individuals with that title who were working on December 26, 2012.  Similarly, Defendant argues that Plaintiff does not state how the floor became wet, but one can infer from Plaintiff's allegation that "there were no [m]ats at the entrance to wipe your boots" that it was either raining or snowing outside.  *Compl* [#1] at 9.  Lastly, the Court disagrees with Defendant's assertion that the Complaint does not provide "any detail to clarify how [the Education Administrator] became aware" of the dangerous condition.  *Motion* [#20] at 10.  To the contrary, it's plainly apparent that the Complaint alleges that the Education Administrator became aware because "several younger inmates had fallen earlier[.]" *Compl.* [#1] at 9.

Therefore, because the Court finds that Plaintiff has sufficiently alleged a claim for negligence pursuant to the PLA, the Court **denies** Defendant's request to dismiss pursuant to Rule 12(b)(6).

**B.      Plaintiff's Eighth Amendment Claim**

Neither party addresses whether Plaintiff has attempted to allege a claim under the Eighth Amendment. Nonetheless, the Complaint states that "[t]he medical care provided by the employees of [Defendant] . . . fell below the standard of acceptance and treatment, . . . in violation of the Eighth Amendment." *Compl.* [#1] at 13.  Thus, despite this allegation appearing in a section labeled "Neglect to Provide a Safe Environment and Neglect to [P]rovide Proper Diagnosis and Treatment," the Court will construe this as an Eighth Amendment claim alleging deliberate indifference to medical needs. *See Castro v. United States*, 450 U.S. 375, 381 (2003) (noting that it is appropriate for federal courts to ignore the legal labels attached to a pro se party's claims "to create a better correspondence between the substance of [the party's claims] and [the] underlying legal basis").

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976).  In order to set forth a cognizable claim for a violation of the Eighth Amendment, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See id.*, 429 U.S. at 104.  The test for deliberate indifference is both objective and subjective: a prisoner must establish that he was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that the defendant subjectively knew of and disregarded "an excessive risk to [the prisoner's] health or safety." *Id.* at 837.

In order to satisfy the subjective prong of the test for deliberate indifference, a plaintiff must allege that each defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837.  A defendant knows of and disregards

an excessive risk to a prisoner's health or safety when he is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and he actually draws that inference. *Id.*

Importantly, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Accordingly, a prisoner does not have a valid claim of deliberate indifference simply because he was denied "a particular course of treatment" that he desired. *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006). "[A] prison doctor remains free to exercise his or her independent professional judgment," *id.* (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997)), and "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview." *Id.* (citing *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)).

An inmate's claims against employees or agents of a prison medical department are not viable under Section 1983 when the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment, or maintains that options available to medical personnel were not pursued on the inmate's behalf. *See Estelle*, 429 U.S. at 107. Moreover, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (stating negligence is not compensable as a constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *see also Callahan*, 471 F.3d at 1160.

Although Defendant makes no argument with respect to Plaintiff's claim under the Eighth Amendment, the Court nonetheless notes that it is independently required to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity" and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or **fails to state a claim upon which relief may be granted**[.]"  28 U.S.C. § 1915A(a), (b)(1) (emphasis added).

There are simply no allegations here that Defendant or Defendant's employees were deliberately indifferent to Plaintiff's medical needs, nor do any of the allegations lend themselves to such an inference.  Instead, the allegations make clear that Plaintiff believes that Defendant or its employees were negligent for failing to timely provide him with an MRI scan, as he states that Defendant's employees "fell below the standard" for proper "treatment," and the injury "should have been discovered two years ago."  *Compl.* [#1] at 13.  However, mere negligence does not amount to a constitutional deprivation.  *Daniels*, 474 U.S. at 332-34.  Accordingly, the Court **dismisses with prejudice** Plaintiff's claim brought under the Eighth Amendment.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## C.    Motion for Reconsideration

On August 17, 2015, the Court denied Plaintiff's Second Motion for Appointment of Counsel [#22].[6]   In denying Plaintiff's request, the Court found that "Plaintiff has demonstrated his ability to frame facts and state claims for relief" and that the legal issues

---

[6] Plaintiff's first request for appointment of counsel was denied as premature.  *See Order* [#10].

are not "overly complex, novel, or particularly difficult to analyze." *Order* [#33] at 2.  On

August 26, 2015, Plaintiff filed a Motion for Reconsideration [#35] of this Order.

The Court has broad discretion to reconsider its interlocutory orders prior to entry

of judgment. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict

courts generally remain free to reconsider their earlier interlocutory orders."); *Price v.*

*Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Fed. R. Civ. P. 54(b) ("[A]ny

order or other decision, however designated, that adjudicates fewer than all the claims or

the rights and liabilities of fewer than all the parties does not end the action as to any of the

claims or parties and may be revised at any time before the entry of a judgment

adjudicating all the claims and all the parties' rights and liabilities.").  The Court's discretion

to revise its interlocutory orders is not limited by the standards for reviewing a

post-judgment motion filed pursuant to Fed. R. Civ. P. 59(e) or 60(b).  *See Raytheon*

*Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) ( "[D]istrict court

was incorrect to treat [the plaintiff's] motion for reconsideration [of an interlocutory order]

under Rule 60(b), which only applies to final orders or judgments.").  "Notwithstanding the

district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is

not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd.*

*v. Jim Williamson Prods.*, *Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young*

*v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)).  "Rather, as a practical matter, to succeed

[on] a motion to reconsider, a party must set forth facts or law of a strongly convincing

nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks and

citation omitted).  Even under this lower standard, "[a] motion to reconsider should be

denied unless it clearly demonstrates manifest error of law or fact or presents newly

discovered evidence." *Id.* (quotation marks and citation omitted).

Mindful of these principles, the Court will not alter the August 17, 2015 Order unless the Court has misapprehended the facts, a party's position, or the controlling law. *Servants of the Paraclete v.* Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining that "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); see *Lehman Brothers Holdings Inc. v. Universal Am. Mortgage Co.*, LLC, No. 13-cv-00090-PAB-MJW, 2014 WL 5069409, at *1 (D. Colo. Oct. 9, 2014).  Motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original [filing]." *Servants of the Paraclete*, 204 F.3d at 1012.

Plaintiff, essentially disagreeing with the Court, argues that this case is complex, his claims have merit, he is unable to retain counsel by other means, and the interests of justice would be served by appointment of counsel. *Motion for Reconsideration* [#35] at 1-3.  However, nothing argued by Plaintiff here "sets forth facts or law of a strongly convincing nature to induce the [C]ourt to reverse its prior decision." *Nat'l Bus. Brokers*, 115 F. Supp. 2d at 1256.  For example, Plaintiff argues that the case is complex because Defendant requested an extension of time to respond to Plaintiff's complaint and cited to the complexity of the case as good cause for such an extension.  *Motion for Reconsideration* [#35] at 1.  Defendant's basis for its request to extend the time to respond to Plaintiff's Complaint, however, is not sufficient grounds for reconsideration. First, the Court made no determination that the case was complex in its decision to grant

Defendant's request.  *See Minute Order* [#24].  Second, even were this a basis for the Court's decision to grant an extension of time, it does not logically follow that the "complexity" warranting an extension of 30 days would equally require that Plaintiff be represented by legal counsel.  Here, it does not.

Thus, because Plaintiff has not shown an adequate basis for the Court's reconsideration of the August 17, 2015 Order, the Motion for Reconsideration is **denied.**

### IV.  Conclusion

Accordingly, for the reasons set forth above,

IT IS **ORDERED** that the Motion [#20] and the Motion for Reconsideration [#35] are **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's claims arising from the November 2013 and January 2015 accidents, and his claim for medical malpractice, are **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that Plaintiff's claim under the Eighth Amendment for deliberate indifference is **DISMISSED WITH PREJUDICE**.

Dated:  March 16, 2016

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge